IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL DIVERSITY COUNCIL, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:23-cv-01162 |
| | § | |
| R. DENNIS KENNEDY, JASON | § | |
| DEGROOT, ANGELES VALENCIANO, | § | |
| JASON LEE, DIVERSITY & LEADERSHIP, | § | |
| INC., AND CALIFORNIA DIVERSITY | § | |
| COUNCIL, | § | |
| *Defendants.* | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendants R. Dennis Kennedy ("Kennedy"), Jason Lee ("Lee"), Diversity & Leadership ("D&L") and California Diversity Council ("CDC"), (collectively, "Defendants") hereby file this, their Answer to Plaintiff National Diversity Council's ("NDC") Second Amended Complaint ("Complaint") and would respectfully show the court as follows:

**ANSWER**

**Plaintiff's Second Amended Complaint**

NDC's introduction comprises of three paragraphs.

Defendants deny the allegations set forth in sentences 2-4 of the first introductory paragraph of the Complaint.

Defendants deny the entirety of the second introductory paragraph.

Defendants admit the first part of the third introductory paragraph, at "NDC's relationship with each Defendant has been terminated[.]" Defendants deny the remainder of the allegations set forth in the third introductory paragraph to the Complaint.

1

## PARTIES

1.      Defendants admit the allegations set forth in paragraph 1.

2.      Defendants admit the allegations set forth in paragraph 2.

3.      Defendants are without sufficient information to admit or deny paragraph 3.  As such, denied.

4.      Defendants are without sufficient information to admit or deny paragraph 4.  As such, denied.

5.      Defendants admit the allegations set forth in paragraph 5.

6.      Defendants admit that D&L is a Texas for-profit corporation. Defendants would show that the remainder of paragraph 6 is a recitation of law, and thus does not require an admission or denial.

7.      Defendants admit the allegations.

## JURISDICTION AND VENUE

8.      To the extent Paragraph 8 of the Complaint contains legal conclusions, no response is required. To the extent a response might be required, Defendants admit, based solely on the allegations of the Complaint and without admitting them as true, that this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) and (b).  Defendants deny the remaining allegations set forth in paragraph 8.

9.      To the extent Paragraph 9 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Defendants deny the remaining allegations, including the allegation that Defendants have infringed NDC's trademarks and committed other violations of the Lanham Act, the ACPA, and/or the CFAA in this district.

10. To the extent Paragraph 10 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Defendants deny the remaining allegations, including the allegation that that a substantial part of the claims arose in this district.

11. Because the allegations in Paragraph 11 of the Complaint are not solely directed against Defendants, no response is required concerning the allegations directed to defendants other than Kennedy, Lee, D&L and CDC. To the extent Paragraph 11 of the Complaint contains legal conclusions, no response is required. Defendants are without sufficient information to admit or deny paragraph 11. As such, denied.

## FACTUAL BACKGROUND

**A.    NDC and the NDC Trademarks**

12. Defendants admit the allegations set forth in paragraph 12.

13. Defendants are without sufficient information to admit or deny paragraph 13. As such, denied..

14. Defendants are without sufficient information to admit or deny paragraph 14. As such, denied.

15. Defendants deny the allegations set forth in paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and therefore deny them.

17. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore deny them.

18. Defendants are without sufficient information to admit or deny paragraph 18. As such, denied.

19. Defendants are without sufficient information to admit or deny paragraph 19. As such, denied.

20.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint and therefore deny them.

21.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint and therefore deny them.

22.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and therefore deny them.

23.     Defendants are without sufficient information to admit or deny the allegations in paragraph 23.  As such, denied.

24.     Defendants are without sufficient information to admit or deny the allegations in paragraph 24.  As such, denied.

25.     Defendants are without sufficient information to admit or deny the allegations in paragraph 25.  As such, denied.

26.     Defendants are without sufficient information to admit or deny the allegations in paragraph 26.  As such, denied.

27.     Defendants are without sufficient information to admit or deny the allegations in paragraph 27.  As such, denied.

**B.      Kennedy's Unlawful Activities [sic]**

28.     Because the allegations in Paragraph 28 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 28.  Defendants would show that Dennis Kennedy is the sole founder, and was the board chairman and an employee of NDC.

29.     Because the allegations in Paragraph 29 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy. Kennedy admits that Kennedy is the founder for the entities D&L and TDC. Kennedy admits that D&L is a for-profit entity.

30.    Because the allegations in Paragraph 30 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 30.

31.    Because the allegations in Paragraph 31 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 31.

32.    Because the allegations in Paragraph 32 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 32.

33.    Defendants deny the allegations set forth in paragraph 33.

34.    Defendants deny the allegations of paragraph 34 as a mischaracterization of the facts. As such, denied.

35.    Defendants deny the allegations set forth in paragraph 35.

36.    Because the allegations in Paragraph 36 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 36.

37.    Defendants deny the allegations set forth in paragraph 37.

38.    Defendants are without sufficient information to admit or deny the allegations in paragraph 38. As such, denied.

39.    Because the allegations in Paragraph 39 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy. Kennedy would show that Kennedy is owed no less than $578,824.00, which includes back pay of no less than $328,824.00 owed by the NDC in outstanding compensation and a loan of no less than $250,000 made to NDC from Kennedy to start NDC.  Kennedy denies the remaining allegations set forth in paragraph 39.

40.     Because the allegations in Paragraph 40 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy would show that Kennedy is owed no less than $578,824.00, which includes back pay of no less than $328,824.00 owed by the NDC in outstanding compensation and a loan of no less than $250,000 made to NDC from Kennedy to start NDC.  Kennedy denies the remaining allegations set forth in paragraph 40.

41.     Defendants deny that the "back-pay" obligation the subject of paragraph 41 is improper.  Defendants would show that deGroot is owed no less than $237,650.00 by the NDC in outstanding compensation.   Defendants would show that Kennedy is owed no less than $578,824.00, which includes back pay of no less than $328,824.00 owed by the NDC in outstanding compensation and a loan of no less than $250,000 made to NDC from Kennedy to start NDC.  Defendants would show that Valenciano is owed no less  than $185,110.00 by the NDC in outstanding compensation.  Defendants deny the allegations set forth in paragraph 41.

42.     Because the allegations in Paragraph 42 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy would show that Kennedy is owed no less than $578,824.00, which includes back pay of no less than $328,824.00 owed by the NDC in outstanding compensation and a loan of no less than $250,000 made to NDC from Kennedy to start NDC.  Kennedy denies the remaining allegations set forth in paragraph 42.

43.     Because the allegations in Paragraph 43 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy would show that Kennedy is owed no less than $578,824.00, which includes back pay of no less than $328,824.00 owed by the NDC in outstanding compensation and a loan of no less than $250,000 made to NDC from Kennedy to start NDC.  Kennedy denies the remaining allegations set forth in paragraph 43 as a mischaracterization of the facts.

44.     Because the allegations in Paragraph 44 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy admits that he made loans to NDC that NDC agreed to pay back to Kennedy.  Kennedy denies the remaining allegations set forth in paragraph 44.

45.     Defendants are without sufficient information to admit or deny the allegations in paragraph 45.  As such, denied.

46.     Because the allegations in Paragraph 46 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy admits that he made loans to NDC that NDC agreed to pay back to Kennedy.  Kennedy denies the remaining allegations of paragraph 46.

47.     Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 47 as a mischaracterization of the facts.  Kennedy admits that he made loans to NDC that NDC agreed to pay back to Kennedy.  Kennedy denies the remaining allegations of paragraph 47.

48.     Defendants deny the allegations set forth in paragraph 48 as a mischaracterization of the facts.  As such, denied.

49.    Because the allegations in Paragraph 49 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations set forth in paragraph 49.  As such, denied.

50.    Because the allegations in Paragraph 50 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 50.

51.    Because the allegations in Paragraph 51 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 51 as a mischaracterization of the facts.  As such, denied.

52.    Because the allegations in Paragraph 52 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 52 as a mischaracterization of the facts.  As such, denied.

53.    Because the allegations in Paragraph 53 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 53 as a mischaracterization of the facts.  As such, denied.

54.    Because the allegations in Paragraph 54 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 54.

55.    Because the allegations in Paragraph 55 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy.  Kennedy denies the allegations of paragraph 55 as a mischaracterization of the facts.  As such, denied.

56.    Because the allegations in Paragraph 56 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 56 as a mischaracterization of the facts.  As such, denied.

57.    Because the allegations in Paragraph 57 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 57 as a mischaracterization of the facts.  As such, denied.

58.    Because the allegations in Paragraph 58 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 58 as a mischaracterization of the facts.  As such, denied.

59.    Because the allegations in Paragraph 59 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 59 as a mischaracterization of the facts.  As such, denied.

60.    Because the allegations in Paragraph 60 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations in paragraph 60.  As such, denied.

61.    Because the allegations in Paragraph 61 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations in paragraph 61 as it pertains to confusion by NDC's partners.  Kennedy denies the remaining allegations set forth in paragraph 61.

62.    Because the allegations in Paragraph 62 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 62 as a mischaracterization of the facts.  As such, denied.

63.    Because the allegations in Paragraph 63 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 63 as a mischaracterization of the facts.  As such, denied.

64.    Because the allegations in Paragraph 64 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations in paragraph 64.  As such, denied.

65.    Because the allegations in Paragraph 65 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 65.

66.    Because the allegations in Paragraph 65 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies that Kennedy is the "co-founder," and instead would show

that he is the founder. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 66. To the extent Paragraph 66 contains legal conclusions, no response is required. As such, denied.

67. Because the allegations in Paragraph 67 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 67.

68. Because the allegations in Paragraph 68 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications. Kennedy denies the remaining allegations set forth in paragraph 68.

69. Because the allegations in Paragraph 69 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications. Kennedy denies the remainder of the allegations of paragraph 69 as a mischaracterization of the facts. As such, denied.

70. Because the allegations in Paragraph 70 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications. Kennedy denies the remainder of the allegations of paragraph 70 as a mischaracterization of the facts. As such, denied.

71. Because the allegations in Paragraph 71 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy. Kennedy denies the allegations of paragraph 71 as a mischaracterization of the facts.  As such, denied.

72.     Because the allegations in Paragraph 72 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 72 as a mischaracterization of the facts.  As such, denied.

73.     Because the allegations in Paragraph 73 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 73 as a mischaracterization of the facts.  As such, denied.

74.     Because the allegations in Paragraph 74 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 74.

75.     Because the allegations in Paragraph 75 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 75 as a mischaracterization of the facts.  As such, denied.

76.     Because the allegations in Paragraph 76 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 76.

77.     Because the allegations in Paragraph 77 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 77 as a mischaracterization of the facts.  As such, denied.

78.     Because the allegations in Paragraph 79 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 78.

79.     Because the allegations in Paragraph 79 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 79 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 79.

80.     To the extent Paragraph 80 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations.

81.     Because the allegations in Paragraph 81 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remaining allegations set forth in paragraph 81.

82.     Because the allegations in Paragraph 82 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 82 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

83.     Because the allegations in Paragraph 83 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 83 of the Complaint contains legal conclusions, no response is required. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 83 as a mischaracterization of the facts.  As such, denied.

84.     Because the allegations in Paragraph 84 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 84 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

85.     Defendants are without sufficient information to admit or deny the allegations in paragraph 85.  As such, denied.

86.     Defendants are without sufficient information to admit or deny the allegations in paragraph 86.  To the extent Paragraph 86 of the Complaint contains legal conclusions, no response is required.  As such, denied.

87.     Because the allegations in Paragraph 87 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations of paragraph 87 as a mischaracterization of the facts.  As such, denied.

88.     Because the allegations in Paragraph 88 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations of paragraph 88 as a mischaracterization of the facts.  As such, denied.

89.     Because the allegations in Paragraph 89 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations of paragraph 89 as a mischaracterization of the facts.  As such, denied.

90.     Because the allegations in Paragraph 90 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations set forth in paragraph 90.

91.     Because the allegations in Paragraph 91 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 91 as a mischaracterization of the facts.  As such, denied.

92.     Because the allegations in Paragraph 92 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 92 as a mischaracterization of the facts.  As such, denied.

93.     Because the allegations in Paragraph 93 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  Kennedy denies the remainder of the allegations of paragraph 93 as a mischaracterization of the facts.  As such, denied.

94.     Because the allegations in Paragraph 94 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications for trademarks owned by Kennedy.  Kennedy denies the remainder of the allegations of paragraph 94 as a mischaracterization of the facts.  As such, denied.

95.     Because the allegations in Paragraph 95 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications for trademarks owned by Kennedy.  Kennedy denies the remainder of the allegations of paragraph 95 as a mischaracterization of the facts.  As such, denied.

96.     Because the allegations in Paragraph 96 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 86 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

97.     Because the allegations in Paragraph 97 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 97 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

98.     Because the allegations in Paragraph 98 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 98 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

99.     Because the allegations in Paragraph 99 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 99 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

100.     Because the allegations in Paragraph 100 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that a Cease and Desist letter was sent to NDC.  Kennedy denies the remaining allegations set forth in paragraph 100.

101.     Because the allegations in Paragraph 101 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that a Cease and Desist letter was sent to NDC.  Kennedy denies the remaining allegations set forth in paragraph 101.

102.     Because the allegations in Paragraph 102 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that a Cease and Desist letter was sent to NDC.  Kennedy denies the remaining allegations set forth in paragraph 102.

103.     Because the allegations in Paragraph 103 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that a Cease and Desist letter was sent to NDC.  Kennedy denies the remaining allegations set forth in paragraph 103.

104.     Because the allegations in Paragraph 104 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy. To the extent Paragraph 104 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

105.    Because the allegations in Paragraph 106 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 106 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

106.    Because the allegations in Paragraph 106 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 106 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

107.    Because the allegations in Paragraph 107 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 107 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

108.    Because the allegations in Paragraph 108 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 108 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

109.    Because the allegations in Paragraph 109 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 109 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

110.    Because the allegations in Paragraph 110 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  To the extent Paragraph 110 of the Complaint contains legal conclusions, no response is required. Kennedy denies the remainder of the allegations of paragraph 110 as a mischaracterization of the facts.  To the extent that a response is required, Kennedy denies the allegations.

111.    Because the allegations in Paragraph 111 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 111 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remainder of the allegations of paragraph 111 as a mischaracterization of the facts.  To the extent that a response is required, Kennedy denies the allegations.

112.    Because the allegations in Paragraph 112 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 112 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

113.    Because the allegations in Paragraph 113 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 113 of the Complaint contains legal conclusions, no response is required. Kennedy denies the remainder of the allegations of paragraph 113 as a mischaracterization of the facts.  To the extent that a response is required, Kennedy denies the allegations.

114.    Because the allegations in Paragraph 114 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy denies the allegations of paragraph 114 as a mischaracterization of the facts.  As such, denied.

115.    Because the allegations in Paragraph 115 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 115 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Kennedy denies the allegations.

116.    Because the allegations in Paragraph 116 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 116 of the Complaint contains legal conclusions, no response is required. Kennedy denies the remainder of the allegations of paragraph 116 as a mischaracterization of the facts.  To the extent that a response is required, Kennedy denies the allegations.

117.    Because the allegations in Paragraph 117 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. To the extent Paragraph 117 of the Complaint contains legal conclusions, no response is required. Kennedy denies the remainder of the allegations of paragraph 117 as a mischaracterization of the facts.  To the extent that a response is required, Kennedy denies the allegations.

## C.    deGroot's Unlawful Activities [sic]

118.    Defendants admit "deGroot was the Chief Financial Officer ("CFO") of NDC." Defendants deny the remainder of paragraph 118, including the characterization of the termination of his position with NDC.

119.    Defendants would show that paragraph 119 is a recitation of the law, and thus does not require an admission or denial.

120.    Defendants are without sufficient information to admit or deny the allegations in paragraph 120.  As such, denied.

121.    Defendants deny the allegation of paragraph 121 starting at "deGroot improperly …", and are without sufficient information to admit or deny the remaining allegations of paragraph 121.  As such, denied.

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants amid that checks were written to the TDC but deny the remainder of the allegations in paragraph 123.

124.    Defendants deny the allegations in paragraph 124.

125.    Defendants are without sufficient information to admit or deny the allegations in paragraph 125.  As such, denied.

126.    Defendants deny the allegations in paragraph 126.

127.    Defendants deny the allegations in paragraph 127.

128.    Defendants deny the allegations set forth in paragraph 128, with the exception of the admission by NDC that deGroot's time has value and therefore, that he should be compensated by the NDC for all hours worked for the NDC.  Defendants admit that deGroot should be compensated for all hours worked for the NDC and paid wages.

129.    Defendants deny the allegations in paragraph 129 that there was a plan to "benefit from the NDC's platform and donations, Defendants ensured that."  Defendants are without sufficient information to admit or deny the remainder of the allegations in paragraph 129.  As such, denied.

130.    Defendants deny the allegations in paragraph 130.

131.    Defendants deny the allegations in paragraph 131.

132.    Defendants deny the allegations in paragraph 132.

133.    Defendants deny the allegations in paragraph 133.

134.    Defendants deny the allegations in paragraph 134.  Defendants would show that deGroot is owed no less than $237,650.00 by the NDC in outstanding compensation.

135.    Defendants deny that the "back pay" obligation the subject of paragraph 135 is improper.  Defendants would show that deGroot is owed no less than $237,650.00 by the NDC in outstanding compensation.  Defendants would show that Kennedy is owed no less than $578,824.00, which includes back pay of no less than $328,824.00 owed by the NDC in outstanding compensation and a loan of no less than $250,000 made to NDC from Kennedy to start NDC.  Defendants would show that Valenciano is owed no less  than $185,110.00 by the NDC in outstanding compensation.  Defendants deny the remainder of paragraph 135.

136.    Defendants deny that the "back pay" obligation the subject of paragraph 136 is improper.  Defendants would show that deGroot is owed no less than $237,650.00 by the NDC in outstanding compensation, following from the NDC paying $580,250.00 of the $817,900.00 obligation, pursuant to the schedules provided to and approved by the NDC.  Defendants deny the remainder of paragraph 136.

137.    Defendants deny the allegations set forth in paragraph 137.

138.    Defendants deny the allegations set forth in paragraph 138.

139.    Defendants deny the allegations set forth in paragraph 139.

140.    Defendants deny the allegations set forth in paragraph 140.

141.    Defendants deny the allegations set forth in paragraph 141.

142.    Defendants deny the allegations set forth in paragraph 142.

**D.    Valenciano's Unlawful Activities [sic]**

143.    Defendants admit "Valenciano was the Chief Executive Officer ("CEO") of NDC". Defendants deny the characterization of the termination of her position with NDC, and thus deny the remaining allegations of paragraph 143.

144.    Defendants would show that the first sentence of paragraph 144 is a recitation of the law, and thus does not require an admission or denial.

145.    Defendants are without sufficient information to admit or deny the allegations in paragraph 145.  As such, denied.

146.    Defendants are without sufficient information to admit or deny the allegations in the first part of paragraph 146, Defendants deny the remainder of the allegation of paragraph 146 starting at "Valenciano improperly …" As such, denied.

147.    Defendants amid that checks were written to the TDC but deny the remainder of the allegations in paragraph 147.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants are without sufficient information to admit or deny the allegations in paragraph 149.  As such, denied.

150.    Defendants deny the allegations in paragraph 150.

151.    Defendants deny the allegations in paragraph 151.

152.    Defendants deny the allegations set forth in paragraph 152, with the exception of the admission by NDC that Valenciano's time has value and therefore, that she should be compensated by the NDC for all hours worked for the NDC, including wages.  Defendants admit that Valenciano should be compensated for all hours worked for the NDC, including wages.

153.    Defendants deny the allegations in paragraph 153 that there was a plan to "benefit from the NDC's platform and donations, Defendants ensured that."  Defendants are without sufficient information to admit or deny the remainder of the allegations in paragraph 153.  As such, denied.

154.    Defendants deny the allegations in paragraph 154.

155.    Defendants deny the allegations in paragraph 155.

156.    Defendants deny the allegations in paragraph 156.

157.    Defendants deny the allegations in paragraph 157.  Defendants would show that Valenciano is owed no less than $185,110.00 by the NDC in outstanding compensation.

158.    Defendants deny that the "back pay" obligation the subject of paragraph 158 is improper.  Defendants would show that Valenciano is owed no less than $185,110.00 by the NDC in outstanding compensation.  Defendants deny the remainder of paragraph 158.

159.    Defendants deny that the "back pay" obligation the subject of paragraph 159 is improper.  Defendants would show that Valenciano is owed no less than 185,110.00 by the NDC in outstanding compensation, following from the NDC paying $307,750.00 of the $492,860.00 obligation, pursuant to the schedules provided to and approved by the NDC.  Defendants deny the remainder of paragraph 159.

160.    Defendants deny the allegations set forth in paragraph 160.

161.    Defendants deny the allegations set forth in paragraph 161.

162.    Defendants deny the allegations set forth in paragraph 162.

**E.    Lee's Unlawful Activities [sic]**

163.    Because the allegations in Paragraph 163 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations in paragraph 163.

164.    Because the allegations in Paragraph 164 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 164 as a mischaracterization of the facts.  As such, denied.

165.    Because the allegations in Paragraph 165 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 165 as a mischaracterization of the facts.  As such, denied.

166.    Because the allegations in Paragraph 166 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 166 as a mischaracterization of the facts.  As such, denied.

167.    Because the allegations in Paragraph 167 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 167 as a mischaracterization of the facts.  As such, denied.

168.    Because the allegations in Paragraph 168 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 168 as a mischaracterization of the facts.  As such, denied.

169.    Because the allegations in Paragraph 169 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  To the extent Paragraph 169 of the Complaint contains legal conclusions, no response is required.  Lee denies the remainder of the allegations of paragraph 169 as a mischaracterization of the facts.  As such, denied.

170.    Because the allegations in Paragraph 170 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee. To the extent Paragraph 170 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Lee denies the allegations.

171.    Because the allegations in Paragraph 171 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  To the extent Paragraph 171 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Lee denies the allegations.

172.    Because the allegations in Paragraph 172 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 172 as a mischaracterization of the facts.

173.    Because the allegations in Paragraph 173 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 173 as a mischaracterization of the facts.

174.    Because the allegations in Paragraph 174 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 174 as a mischaracterization of the facts.

175.    Defendants deny the allegations set forth in paragraph 175.  Kennedy denies the allegations of paragraph 175 as a mischaracterization of the facts.  As such, denied.

176.    Defendants deny the allegations set forth in paragraph 176.  Kennedy denies the allegations of paragraph 176 as a mischaracterization of the facts.  As such, denied.

177.    Defendants deny the allegations set forth in paragraph 177.  Lee and Kennedy deny the allegations of paragraph 177 as a mischaracterization of the facts.  As such, denied.

178.    Defendants deny the allegations set forth in paragraph 178.  Lee and Kennedy deny the allegations of paragraph 178 as a mischaracterization of the facts.  As such, denied.

179.    Because the allegations in Paragraph 179 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Lee.  Lee admits that Lee in the past was a contractor of the NDC.  Lee denies the remainder of the allegations of paragraph 179 as a mischaracterization of the facts.  As such, denied.

180.     Defendants deny the allegations set forth in paragraph 180.  Lee and Kennedy deny the allegations of paragraph 180 as a mischaracterization of the facts.  As such, denied.

181.     Defendants deny the allegations set forth in paragraph 181.  To the extent Paragraph 181 of the Complaint contains legal conclusions, no response is required.  As such, denied.

182.     To the extent Paragraph 182 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations.

183.     To the extent Paragraph 183 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations.

184.     To the extent Paragraph 184 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations.

**F.     D&L's Unlawful Activities [sic]**

185.     Defendants admit the allegations set forth in paragraph 185.

186.     Because the allegations in Paragraph 186 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than D&L.  To the extent Paragraph 186 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, D&L denies the allegations.

187.     To the extent Paragraph 187 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, D&L denies the allegations.

188.     Because the allegations in Paragraph 188 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  To the extent Paragraph 188 of the Complaint contains legal conclusions, no response is required. Kennedy denies the allegations of paragraph 188 as a mischaracterization of the facts.  As such, denied.

189.    Because the allegations in Paragraph 189 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than D&L.  D&L denies the allegations of paragraph 189 as a mischaracterization of the facts.  As such, denied.

190.    Defendants deny the allegations set forth in paragraph 190.  Defendants deny the allegations of paragraph 190 as a mischaracterization of the facts.  As such, denied.

191.    Because the allegations in Paragraph 191 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than D&L.  D&L denies the allegations of paragraph 191 as a mischaracterization of the facts.  As such, denied.

192.    Because the allegations in Paragraph 192 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than D&L.  To the extent Paragraph 192 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, D&L denies the allegations.

193.    Because the allegations in Paragraph 193 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than D&L.  To the extent Paragraph 193 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, D&L denies the allegations.

194.    Because the allegations in Paragraph 194 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than D&L.  To the extent Paragraph 194 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, D&L denies the allegations.

195.    Because the allegations in Paragraph 195 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than D&L.  To the extent Paragraph 195 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, D&L denies the allegations.

196.    Because the allegations in Paragraph 196 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than D&L.   D&L denies the remainder of the allegations of paragraph 196 as a mischaracterization of the facts.  As such, denied.

**G.    CDC's Unlawful Activities**

197.    Defendants admit the allegations set forth in paragraph 197.

198.    Because the allegations in Paragraph 198 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC.  CDC denies the allegations set forth in paragraph 198.

199.    Because the allegations in Paragraph 199 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC.  To the extent Paragraph 199 of the Complaint contains legal conclusions, no response is required. CDC denies the remainder of the allegations of paragraph 199 as a mischaracterization of the facts.  As such, denied.

200.    Defendants deny the allegations set forth in paragraph 200.

201.    Because the allegations in Paragraph 201 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC.   CDC denies the remainder of the allegations of paragraph 201 as a mischaracterization of the facts.  As such, denied.

202.    Defendants deny the allegations set forth in paragraph 202.

203.    Because the allegations in Paragraph 203 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC.   CDC denies the remainder of the allegations of paragraph 203 as a mischaracterization of the facts.  As such, denied.

204.    To the extent Paragraph 204 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations.

205.    Because the allegations in Paragraph 205 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC.  To the extent Paragraph 205 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, CDC denies the allegations.

206.    To the extent Paragraph 206 of the Complaint contains legal conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations. Defendants further deny the allegations of paragraph 206 as a mischaracterization of the facts.

207.    Because the allegations in Paragraph 207 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC.  CDC admits that CDC advertises on the Internet.  CDC denies the remainder of the allegations in paragraph 207.  CDC further denies the allegations of paragraph 207 as a mischaracterization of the facts.

208.    Because the allegations in Paragraph 208 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC.  CDC denies the allegations of paragraph 208 as a mischaracterization of the facts. As such denied.

209.    Defendants admit that following their constructive discharge from the NDC, they have no affiliation with NDC.  Defendants deny the remaining allegations of paragraph 209.  Defendants further deny the allegations of paragraph 209 as a mischaracterization of the facts.

210.    Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 210.  As such, denied.

211.    Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 211.  As such, denied.

212.    Because the allegations in Paragraph 212 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC. To the extent Paragraph 212 of the Complaint contains legal conclusions, no response is required. To the extent that a response is required, CDC denies the allegations.  CDC further denies the allegations of paragraph 212 as a mischaracterization of the facts.

213.    Because the allegations in Paragraph 213 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than CDC.  CDC denies the allegations set forth in paragraph 213.  CDC further denies the allegations of paragraph 213 as a mischaracterization of the facts.

**H.    Kennedy's, deGroot's, and Valenciano's Concerted Attempt to Destroy NDC [SIC]**

214.    Because the allegations in Paragraph 214 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations set forth in paragraph 214 that they "unilaterally claimed that they were owed" back pay.  As to these Defendants, they each admit that they are owed "back pay" or wages as set forth in paragraphs 39-46, 134-136 and 157-159 above.  As such, denied.

215.    Because the allegations in Paragraph 215 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegation in paragraph 215 that they "began to pay themselves" backpay.  Defendants would show that NDC owed the backpay and made partial payment of the total outstanding obligation owed to these Defendants, which was disclosed to and by the NDC, and approved by the NDC.

216.    Because the allegations in Paragraph 216 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations in paragraph 216.

217.    Because the allegations in Paragraph 217 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy admits the allegations in paragraph 217, with the exception of "claiming that they were."  Kennedy admits the remainder of the allegations set forth in paragraph 217.

218.    Because the allegations in Paragraph 218 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations set forth in paragraph 218 to the extent that the obligation has been mischaracterized.  Defendants would show that in response to NDC's offer to pay the full amount of the disclosed and agreed backpay obligation, they recommended instead to spread the payment obligation over three years.  Defendants also admit that the backpay obligation was at all times disclosed and agreed to by the NDC.  As such, Kennedy denies the allegations set forth in paragraph 218, except for the NDC's admission of its knowledge of the backpay obligation.

219.    Because the allegations in Paragraph 219 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegation set forth in paragraph 219.  Defendants would show that the obligation is set forth on the NDC's "books," its public disclosures, minutes of meetings, other communications, and tax returns.

220.    Because the allegations in Paragraph 220 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations set forth in paragraph 220.  Defendants would show that the obligation is set forth on the NDC's "books," its public disclosures, minutes of meetings, other communications, and tax returns.

221.    Because the allegations in Paragraph 221 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.   Kennedy denies the allegations set forth in paragraph 221 as it mischaracterizes the facts.  Defendants admit that the backpay obligation was at all times disclosed and agreed to by the NDC.  As such, Defendants deny the allegations set forth in paragraph 221, except for the NDC's admission of its knowledge of the backpay obligation.

222.    Because the allegations in Paragraph 222 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations in paragraph 222 that … "without NDC's knowledge or approval, Defendants Kennedy, deGroot, and Valenciano began paying themselves this purported backpay."  Defendants would show that NDC owed the backpay and made partial payment of the total outstanding obligation owed to these Defendants, which was disclosed to and by the NDC, and approved by the NDC.

223.    Because the allegations in Paragraph 223 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 223 at "without the Board's knowledge or approval," and "improperly," and "themselves an additional" and "in addition to their regular salaries" as improper characterizations of the obligations and payments.  As such, Kennedy denies the allegations of paragraph 223.

224.    Because the allegations in Paragraph 224 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 224 as a mischaracterization of the facts.  As such, denied.

225.    Because the allegations in Paragraph 225 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of sentence 1 of paragraph 225 as a mischaracterization of the facts as to these Defendants, and further denies the allegation as to "purported."  Defendants would show that the backpay was at all times disclosed, owed and agreed to.  As such, denied to the entirety of paragraph 225.

226.    Because the allegations in Paragraph 226 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 226, as to "purported." Defendants would show that the backpay was at all times disclosed, owed and agreed to.  Kennedy denies the remainder of the allegations of paragraph 226.

227.    Because the allegations in Paragraph 227 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 227.

228.    Because the allegations in Paragraph 228 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy admits the allegations of paragraph 228.

229.    Because the allegations in Paragraph 229 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 229 as a mischaracterization of the facts.  As such, denied.

230.    Because the allegations in Paragraph 230 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 230 as a mischaracterization of the facts.  As such, denied.

231.    Because the allegations in Paragraph 231 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 231 as a mischaracterization of the facts.  As such, denied.

232.    Because the allegations in Paragraph 232 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 232 as a mischaracterization of the facts.  As such, denied.

233.     Because the allegations in Paragraph 233 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 233 as a mischaracterization of the facts.  As such, denied.

234.     Because the allegations in Paragraph 234 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 234 as a mischaracterization of the facts.  As such, denied.

235.     Because the allegations in Paragraph 235 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 235 as a mischaracterization of the facts.  As such, denied.

236.     Because the allegations in Paragraph 236 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 236 as a mischaracterization of the facts.  As such, denied.

237.     Because the allegations in Paragraph 237 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 237 as a mischaracterization of the facts.  As such, denied.

238.     Because the allegations in Paragraph 238 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy.  Kennedy denies the allegations of paragraph 238 as a mischaracterization of the facts.  As such, denied.

239.    Because the allegations in Paragraph 239 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 239 as a mischaracterization of the facts.  As such, denied.

240.    Because the allegations in Paragraph 240 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 240 as a mischaracterization of the facts.  As such, denied.

241.    Because the allegations in Paragraph 241 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 241 as a mischaracterization of the facts.  As such, denied.

242.    Because the allegations in Paragraph 242 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 242 as a mischaracterization of the facts.  As such, denied.

243.    Because the allegations in Paragraph 243 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 243 as a mischaracterization of the facts.  As such, denied.

244.     Because the allegations in Paragraph 244 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 244 as a mischaracterization of the facts.  As such, denied.

245.     Because the allegations in Paragraph 245 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 245.

246.     Because the allegations in Paragraph 246 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 246 as a mischaracterization of the facts.  As such, denied.

247.     Because the allegations in Paragraph 247 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 247 as a mischaracterization of the facts.  As such, denied.

248.     Because the allegations in Paragraph 248 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 248 as a mischaracterization of the facts.  As such, denied.

249.      Because the allegations in Paragraph 249 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 249 as a mischaracterization of the facts.  As such, denied.

250.     Because the allegations in Paragraph 250 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies sentence 1 of paragraph 250.  Kennedy denies the remainder of the allegations of paragraph 250 as a mischaracterization of the facts.  As such, denied.

251.     Because the allegations in Paragraph 251 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 251 as a mischaracterization of the facts.  As such, denied.

252.     Because the allegations in Paragraph 252 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 252 as a mischaracterization of the facts.  As such, denied.

253.     Because the allegations in Paragraph 253 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 253 as a mischaracterization of the facts.  As such, denied.

254.     Kennedy denies the allegations of paragraph 254 as a mischaracterization of the facts.  As such, denied.

255.     Because the allegations in Paragraph 255 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 255 as a mischaracterization of the facts.  As such, denied.

256.    Because the allegations in Paragraph 256 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 256.

257.    Because the allegations in Paragraph 257 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 257 as a mischaracterization of the facts.  As such, denied.

258.    Because the allegations in Paragraph 258 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 258 as a mischaracterization of the facts.  As such, denied.

259.    Because the allegations in Paragraph 259 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the characterization of "Valenciano's and deGroot's efforts to destroy NDC" in paragraph 259.  Defendants are without sufficient information to admit or deny the remainder of paragraph 259.

260.    Because the allegations in Paragraph 260 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations of paragraph 260, including as to whether notice was provided, a proper quorum was established, or bylaws followed.

261.    Because the allegations in Paragraph 261 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy.  Kennedy admits the allegations of paragraph 261, including the admission

that the Defendants were entitled to "pay."  Kennedy admits that at all times they were to be paid

for the work they performed for the NDC.

262.    Because the allegations in Paragraph 262 of the Complaint are not directed against

all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations

of paragraph 262. As such, denied.

263.    Because the allegations in Paragraph 263 of the Complaint are not directed against

all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations

of paragraph 263. As such, denied.

264.    Because the allegations in Paragraph 264 of the Complaint are not directed against

all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations

of paragraph 264. As such, denied.

265.    Because the allegations in Paragraph 265 of the Complaint are not directed against

all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations

of paragraph 265. As such, denied.

266.    Because the allegations in Paragraph 266 of the Complaint are not directed against

all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations

of paragraph 266. As such, denied.

267.    Because the allegations in Paragraph 267 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations of paragraph 267. As such, denied.

268.    Because the allegations in Paragraph 268 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations of paragraph 268. As such, denied.

269.    Kennedy denies the allegations set forth in paragraph 269, including that the Defendants took any steps to interfere with NDC and TDC's "partnership," nevertheless that the TDC and NDC have a "partnership."

270.    Because the allegations in Paragraph 270 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations set forth in paragraph 270.

271.    Because the allegations in Paragraph 271 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of paragraph 271 as mischaracterizations of fact.  As such, denied.

272.    Because the allegations in Paragraph 272 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations of paragraph 272. As such, denied.

273.    Because the allegations in Paragraph 273 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations of paragraph 273. As such, denied.

274.    Because the allegations in Paragraph 274 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy is without sufficient information to admit or deny the allegations of paragraph 274. As such, denied.

275.    Because the allegations in Paragraph 275 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy.  Kennedy denies the allegations of sentence 1 of paragraph 275 that there was a conspiracy to destroy the NDC by these Defendants or that either of these Defendants encouraged or otherwise improperly issued checks.  Kennedy denies sentence two of paragraph 275.  As such, Kennedy denies the allegations as set forth in paragraph 275.

### CLAIMS FOR RELIEF

### COUNT I:
### Cancellation of Kennedy's Registrations of NDC's Marks
### Under the Lanham Act, 15 U.S.C. § 1119 [sic]

276.    Defendants reincorporate the preceding paragraphs.

277.    Because the allegations in Paragraph 277 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 277 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 277.

278.    Because the allegations in Paragraph 278 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 278 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 278.

279.    Because the allegations in Paragraph 279 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 279 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 279.

280.    Because the allegations in Paragraph 280 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 280 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 280.

281.    Paragraph 281 is a recitation of the law, and thus does not require an admission or denial.

282.    Because the allegations in Paragraph 282 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 282 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 282.

283.    Because the allegations in Paragraph 283 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 283 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 283.

284.    Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 284.  As such, denied.

285.    To the extent Paragraph 285 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 285.

**COUNT II:**
**Damages for Kennedy's False or Fraudulent Registrations**
**Under the Lanham Act, 15 U.S.C. § 1120 [sic]**

286.    Defendants reincorporate the preceding paragraphs.

287.    Because the allegations in Paragraph 287 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 287 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 287.

288.    Because the allegations in Paragraph 288 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 288 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 288.

289.    Because the allegations in Paragraph 289 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants

other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 289 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 289.

290.    Because the allegations in Paragraph 290 of the Complaint are not directed against all of the Defendants, no response is required concerning the allegations directed to defendants other than Kennedy. Kennedy admits that Kennedy filed trademark applications.  To the extent Paragraph 290 of the Complaint contains legal conclusions, no response is required.  Kennedy denies the remaining allegations set forth in paragraph 290.

291.    Paragraph 291 is a recitation of the law, and thus does not require an admission or denial.

292.    To the extent Paragraph 292 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 292.

**COUNT III:**
**Common Law Trademark Infringement, False Designation of Origin, and**
**Unfair Competition against Kennedy, D&L, and CDC**
**Under the Lanham Act, 15 U.S.C. § 1125(a) [sic]**

293.    Defendants reincorporate the preceding paragraphs.

294.    To the extent Paragraph 294 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 294.

295.    To the extent Paragraph 295 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 295.

296.    To the extent Paragraph 296 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 296.

297.    To the extent Paragraph 297 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 297.

298.    To the extent Paragraph 298 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 298.

**COUNT IV:**
**Cybersquatting under 15 U.S.C. § 1125(d)**
**against Kennedy, Lee, D&L, and CDC [sic]**

299.    Defendants reincorporate the preceding paragraphs.

300.    To the extent Paragraph 300 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 300.

301.    To the extent Paragraph 301 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 301.

302.    To the extent Paragraph 302 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 302.

303.    To the extent Paragraph 303 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 303.

304.    To the extent Paragraph 304 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 304.

305.    To the extent Paragraph 305 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 292.

306.    To the extent Paragraph 306 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 306.

307.    To the extent Paragraph 307 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 307.

308.    To the extent Paragraph 308 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 308.

**Count V:**
**Breach of Contract Against Kennedy, deGroot,**
**Valenciano, Lee, D&L, and CDC [sic]**

309.    Defendants reincorporate the preceding paragraphs.

310.    Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 310.  As such, denied.

311.    To the extent Paragraph 311 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 311.

312.    To the extent Paragraph 312 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 312.

313.    Defendants deny the allegations set forth in paragraph 313 as to these Defendants.

314.    To the extent Paragraph 314 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 314.

315.    To the extent Paragraph 315 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 315.

316.    To the extent Paragraph 316 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 316.

317.    To the extent Paragraph 317 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 317.

318.    To the extent Paragraph 318 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 318.

319.    To the extent Paragraph 319 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 319.

320.    To the extent Paragraph 320 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 320.

## Count VI:
## Quantum Meruit against all Defendants [SIC]

321.    Defendants reincorporate the preceding paragraphs.

322.    To the extent Paragraph 322 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 322.

323.    Defendants are without sufficient information to admit or deny the allegations of paragraph 323 as to the other defendants.  As such, denied.

324.    Defendants deny the allegations set forth in paragraph 324 as to these Defendants. As such, denied.

325.    Defendants deny the allegations set forth in paragraph 325 as to these Defendants. As such, denied.

326.    Defendants deny the allegations set forth in paragraph 326 as to these Defendants. As such, denied.

327.    Defendants deny the allegations set forth in paragraph 327 as to these Defendants. As such, denied.

328.    Defendants deny the allegations set forth in paragraph 328 as to these Defendants. As such, denied.

329.    To the extent Paragraph 329 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 329.

330.    To the extent Paragraph 330 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 330.

## Count VII:
## Violation of the CFAA Under 18 U.S.C. § 1030 against Kennedy and Lee [sic]

331.    Defendants reincorporate the preceding paragraphs.

332.    To the extent Paragraph 332 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 332.

333.    Defendants deny the allegations set forth in paragraph 333 as to these Defendants. As such, denied.

334.    Defendants deny the allegations set forth in paragraph 334 as to these Defendants. As such, denied.

335.    Defendants deny the allegations set forth in paragraph 335 as to these Defendants. As such, denied.

336.    Defendants deny the allegations set forth in paragraph 336 as to these Defendants. As such, denied.

337.    Defendants deny the allegations set forth in paragraph 337 as to these Defendants. As such, denied.

338.    To the extent Paragraph 338 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 338.

339.    To the extent Paragraph 339 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 339.

**Count VIII:**
**Breach of Fiduciary Duties against Kennedy, deGroot, and Valenciano [sic]**

340.    Defendants reincorporate the preceding paragraphs.

341.    Defendants deny the allegations set forth in paragraph 341 as to these Defendants. As such, denied.

342.    To the extent Paragraph 342 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 342.

343.    To the extent Paragraph 343 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 343.

## Count IX:
### Tortious Interference with Existing Business Relationships or Contracts against Kennedy, deGroot, Valenciano, D&L, and CDC [sic]

344.    Defendants reincorporate the preceding paragraphs.

345.    Defendants are without sufficient information to admit or deny the allegations of paragraph 345.  As such, denied.

346.    To the extent Paragraph 346 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 346.

347.    To the extent Paragraph 347 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 347.

348.    To the extent Paragraph 348 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 348.

349.    To the extent Paragraph 349 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 349.

## Count X:
### Tortious Interference with Prospective Business Relationships against Kennedy, deGroot, Valenciano, D&L, and CDC [sic]

350.    Defendants reincorporate the preceding paragraphs.

351.    Defendants are without sufficient information to admit or deny the allegations of paragraph 351.  As such, denied.

352.    To the extent Paragraph 352 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 352.

353.    To the extent Paragraph 353 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 353.

354.    To the extent Paragraph 354 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 354.

355.    To the extent Paragraph 355 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 355.

## Count XI:
### Conversion and Civil Theft by All Defendants [sic]

356.    Defendants reincorporate the preceding paragraphs.

357.    Defendants are without sufficient information to admit or deny the allegations of paragraph 357.  As such, denied.

358.    To the extent Paragraph 358 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 358.

359.    To the extent Paragraph 359 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 359.

## Count XII:
### Civil Theft against Defendants [sic]

360.    Defendants reincorporate the preceding paragraphs.

361.    Paragraph 361 is a recitation of the law, and thus does not require an admission or denial.

362.    To the extent Paragraph 362 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 362.

363.    To the extent Paragraph 363 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 363.

364.    To the extent Paragraph 364 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 364.

365.    To the extent Paragraph 365 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 365.

## Count XIII:
## Civil Conspiracy against Defendants [sic]

366.    Defendants reincorporate the preceding paragraphs.

367.    To the extent Paragraph 367 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 367.

368.    To the extent Paragraph 368 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 368.

369.    To the extent Paragraph 369 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 369.

370.    To the extent Paragraph 370 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 370.

371.    To the extent Paragraph 371 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 371.

## EXEMPLARY AND PUNITIVE DAMAGES

372.    To the extent Paragraph 372 of the Complaint contains legal conclusions, no response is required.  Defendants deny the remaining allegations set forth in paragraph 372.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

373.    Plaintiff's Complaint and each and every count thereof fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

374.    Plaintiff's claims are barred by the doctrines of waiver, ratification, agreement, novation, estoppel, quasi estoppel, accord and satisfaction, acquiescence, laches, and/or consent to Defendant(s)' alleged conduct.

## THIRD DEFENSE

375.    Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to mitigate its alleged damages.

## FOURTH DEFENSE

376.    Plaintiff's claims are barred by the parole evidence rule.

## FIFTH DEFENSE

377.    At all relevant times, Defendants complied with its contractual obligations to Plaintiff under any contracts the subject of Plaintiff's claims.

## SIXTH DEFENSE

378.    Plaintiff's claims are barred by its prior material breaches of its own obligations under the alleged contracts the subject of Plaintiff's claims.

## SEVENTH DEFENSE

379.    Plaintiff's claims are barred by its material breaches of duties owed to Defendants.

## EIGHTH DEFENSE

380.    If Plaintiff suffered any damages, which Defendants deny, Plaintiff's right to recover is defeated or diminished as a result of its own conduct to the extent it was the proximate or contributing cause of the injury alleged by Plaintiff.

## NINTH DEFENSE

381.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## TENTH DEFENSE

382.    Plaintiff's claims are barred by the statute of frauds.

## ELEVENTH DEFENSE

383.    In an abundance of caution, Plaintiff's claim of quantum meruit is barred because Plaintiff committed the first material breach of that contract.  In the alternative, Defendants would show that Plaintiff's alleged performance was not prohibited by any breach by any other party.

## TWELVETH DEFENSE

384.    In an abundance of caution, Plaintiff's claims of quantum meruit, negligence, fraud, tort, conversion, conspiracy and other tort claims and remedies are barred as "con-torts" or the economic loss rule since the alleged damages from such theories arise from alleged express contracts between the parties.

## THIRTEENTH DEFENSE

385.    To the extent that Plaintiff seeks punitive damages, no act or omission on the part of Defendants constitute willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care that would raise the presumption of conscious indifference to consequences, as is required for Plaintiff to be entitled to punitive damages.

## FOURTEENTH DEFENSE

386.    Any alleged damage to Plaintiff is not the result of the acts or omissions of Defendants.

## FIFTEENTH DEFENSE

387.    Defendant is entitled to offset or set off in the amount of the backpay and/or loans against any amounts allegedly owed to Plaintiff.

## SIXTEENTH DEFENSE

388.    Defendants deny that any amounts are owed to Plaintiff.  In the alternative, Defendants assert the rights to offset, set off and recoupment.

## SEVENTEENTH DEFENSE

389.    Plaintiff failed to properly assert any claim for breach of contract, including properly identifying and pleading the necessary consideration for any such alleged oral or verbal contract.  By way of further answer, Defendants deny any meeting of the minds, consideration, or performance by Plaintiff as necessary to establish any alleged oral or verbal contract.

## EIGHTEENTH DEFENSE

390.    Plaintiff has unclean hands, which precludes any recovery for quantum meruit or any other equitable relief.

## NINETEENTH DEFENSE

391.    Defendants would show that each of the alleged implied duties or the duties the subject of Plaintiff's quantum meruit, negligence, fraud, conversion, theft, and other tort claims and remedies are duties Plaintiff agreed to or are otherwise owed by Plaintiff to Defendants by contract, by statute, and/or by the common law, including the obligation to pay wages.

## TWENTIETH DEFENSE

392.    Defendants would show that the each of the alleged implied duties or the duties the subject of Plaintiff's quantum meruit, negligence, fraud, conversion, theft, and other tort claims would "expand" the contractual duties of Defendants and minimize the contractual, statutory, and common law duties of Plaintiff to Defendants.

## TWENTY FIRST DEFENSE

393.    Defendants would show that the express terms of any contracts the subject of Plaintiff's claims bar any claims for quantum meruit, negligence, fraud, theft and conversion.  In

the alternative, Defendants would show that any alleged reliance was not justified and cannot be justified because the express terms of the alleged contracts are contrary to the alleged representations the subject of Plaintiff's claims.

## TWENTY SECOND DEFENSE

394.    Defendants would show that Plaintiff had no ownership or possessory interest in any alleged property the subject of its theft or conversion claims.  In the alternative, Defendants would show that it at all material times that others had an interest or other property right or claim to such property.  In the alternative, Defendants would show that at all times they reasonably relied upon the claims of ownership by persons or entities other than Plaintiff, including public filings.

## TWENTY THIRD DEFENSE

395.    Defendants would show that any alleged possession of the alleged property the subject of Plaintiff's conversion or theft claim was under authority of law, of contract, with the consent and/or authority of the true owner or other person purporting to act on behalf of the true owner, and/or was privileged.

## TWENTY FOURTH DEFENSE

396.    Defendants would show that Plaintiff abandoned any property or claim to the property the subject of its conversion or theft claim.

## TWENTY FIFTH DEFENSE

397.    Defendants would show that Plaintiff failed to sufficiently identify the alleged property the subject of its conversion or theft claim or otherwise set forth the value of such property.

## TWENTY SIXTH DEFENSE

398.    Defendants assert the statute of limitations.

### TWENTY SEVENTH DEFENSE

399.    Defendants assert immunity, privilege, justification and Plaintiff's fault.

### TWENTY EIGHTH DEFENSE

400.    Defendants assert fraudulent inducement, impossibility, and mistake (mutual or unilateral).

### TWENTY NINTH DEFENSE

401.    Plaintiff cannot show irreparable injury, and therefore is not entitled to injunctive relief.

### THIRTIETH DEFENSE

402.    Defendants assert fraudulent inducement, impossibility, and mistake (mutual or unilateral).

### THIRTY FIRST DEFENSE

403.    Plaintiff's claims against Defendants are barred, in whole or in part, because Kennedy is the lawful owner of the marks identified in paragraph 287 of the Complaint (including all of the trademarks that NDC alleges that Kennedy fraudulently obtained) and the registrations for the aforementioned marks and trademarks.

### THIRTY SECOND DEFENSE

404.    Plaintiff's claims against Defendants are barred, in whole or in part, because the registrations for the marks identified in paragraph 287 of the Complaint (including all of the trademarks that NDC alleges that Kennedy fraudulently obtained) were lawfully and rightfully obtained.

### THIRTY THIRD DEFENSE

405.    Plaintiff's claims against Defendants are barred, in whole or in part, because the marks identified in paragraph 287 of the Complaint (including all of the trademarks that NDC

alleges that Kennedy fraudulently obtained) are not infringed by Defendants, or due to the doctrines of fair use, license and/or assignment, abandonment, equitable estoppel, laches, misuse, and/or acquiescence.

### THIRTY FOURTH DEFENSE

406.    Plaintiff's Complaint is barred as an improper attempt to expand the scope of its trademark rights, and misuse of its trademarks.

### THIRTY FIFTH DEFENSE

407.    Plaintiff's claims against Defendants are barred, in whole or in part, because the registrations for the marks identified in paragraph 287 of the Complaint (including all of the trademarks that NDC alleges that Kennedy fraudulently obtained) were lawfully and rightfully obtained.

### THIRTY SIXTH DEFENSE

408.    The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### THIRTY SEVENTH DEFENSE

409.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### THIRTY EIGHTH DEFENSE

410.    Plaintiff did not register and is not the owner of the allegedly cybersquatted Domain Names.

### THIRTY NINTH DEFENSE

411.    Plaintiff's claims against Defendants are barred, in whole or in part, because the Domain Names were lawfully and rightfully obtained and are lawfully owned by Defendant(s).

## FORTIETH DEFENSE

412.    Defendants state that Plaintiff has failed to state a claim upon which relief can be granted with respect to its CFAA claim.  Plaintiff has not met its burden in establishing one or more elements of its claim to Count VII.  Specifically, Plaintiff claims in Count VII that CFAA is in effect because Plaintiff's computers are used in or affect interstate commerce.  The CFAA is not intended to protect computers used in a charitable diversity and inclusion company but rather computers that belong to the United States Government or financial institutions. Plaintiff is neither of these things and does not allege to be either. Therefore, Plaintiff does not have a valid basis to file suit on the basis of CFAA as it does not fall into the purview of a "protected computer" and therefore Count VII should be dismissed.

## FORTY FIRST DEFENSE

413.    Plaintiff's CFAA claim is barred, either in whole or in part, because any access Defendants had to Plaintiff's website, servers, and/or services never exceeded the access authorized by Plaintiff.

## FORTY SECOND DEFENSE

414.    Plaintiff's civil conspiracy claim against Defendants is barred, either in whole or in part, by the Intracorporate Immunity Doctrine.

## FORTY THIRD DEFENSE

415.    Defendants hereby reserve the right to supplement additional affirmative defenses as discovery proceeds in this case, and hereby specifically reserves their rights to amend their Answer to Plaintiff's Complaint to allege said defenses at such time as they become known.

## OTHER MATTERS

416.    Defendants would show that, pursuant to the Texas Theft Liability Act, Plaintiff is liable to Defendants in the amount of their attorney's fees and costs relating to Plaintiff's claims for civil theft.  Tex. Civ. Prac. & Rem. Code §§ 134.001-134.005.

417.    Defendants reserves the right to interpose further defenses to which it may be entitled as revealed by further proceedings and reserves the right to amend its Answer to assert any such defenses.

## PRAYER FOR RELIEF

Upon trial of this matter, Defendants ask that this Court enter a take nothing judgment in their favor as to all claims asserted by Plaintiff, and further ask this Court for judgment against Plaintiff in the amount of all reasonable and necessary attorneys' fees at all stages of trial and appeal as may be recoverable by statute, by contract, by law and/or in equity, and such other and further relief to which this Court deems Defendants to be justly entitled.

Dated: August 4, 2023

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Dwayne L. Mason*
Dwayne L. Mason
State Bar No. 00787977
Email:  masonDl@gtlaw.com
Ira R. Hatton
State Bar No. 24054282
Email:  hattoni@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Tel.  713-374-3500
Fax 713-374-6605

*Counsel for Defendants R. Dennis Kennedy,*
*Jason Lee, Diversity & Leadership, Inc., and*
*California Diversity Council*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on 4th day of August that this filing was electronically filed using the Court's electronic filing system and was served on all parties' attorney(s) of record who have made and appearance and have registered as filing users through the system's Notice of Electronic Filing.

*/s/ Dwayne L. Mason*
Dwayne L. Mason