## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

NATIONAL DIVERSITY COUNCIL,

      Plaintiff,

v.

R. DENNIS KENNEDY, ET AL.,

      Defendants.

CIVIL ACTION NO. 4:23-cv-01162

### DEFENDANTS EMERGENCY MOTION FOR PROTECTION REGARDING THE DESIGNATION OF EXPERT WITNESSES, MOTION TO STRIKE NDC'S EXPERT DESIGNATIONS, AND AMENDMENTS TO THE DOCKET CONTROL ORDER

**COMES NOW** the Defendants R. Dennis Kennedy, Jason deGroot, Angeles Valenciano, Jason Lee, Diversity & Leadership, Inc., and California Diversity Council (collectively the "Defendants"), by and through their attorneys of record, and file this Emergency Motion for Protection Regarding Defendants' Designation of Expert Witnesses, Motion to Strike NDC's Expert Designations, and Amendments to the Docket Control Order.

### *Overview of Motion*

1.     Defendants request that the Court strike Plaintiff's expert designations of Kyle P. Elam, Molly Buck Richard, Danika H. Mendrygal, Susan M. Sulisz, and Narinder Varaich, and amend the DCO to amend the deadlines for the designation of expert witnesses and the discovery cut-off date. Pursuant to the Docket Control

Order (Dkt. No. 32), Plaintiff designated the aforementioned expert witnesses and provided generic designations for each witness. Defendants requested that Plaintiff 1) amend its expert designations to provide detailed explanations concerning the expert testimony that each of the identified experts may provide, 2) extend certain deadlines provided in the DCO to give Defendants enough time to properly designate its rebuttal experts in response to Plaintiff's expert designations. In this vein, Defendants offered proposed amended deadlines for the Plaintiff to designate its witnesses, the Defendants to designate their rebuttal witnesses, and the discovery cut-off date.

2.      Plaintiff's non-compliance with the Court's orders and the Federal Rules of Civil Procedure, gamesmanship, and obfuscation have necessitated the need for Defendants to seek protection from the DCO deadlines of designating expert witnesses and serving expert reports 60 days after said designation. Simply put, Plaintiff's actions make it impossible for Defendants to comply with the Court's DCO and impossible to have a fair opportunity to develop defenses. As explained herein, Plaintiff has prejudiced Defendants by failing to provide its expert designations with the specificity required to enable Defendants to designate rebuttal expert witnesses and comply with the DCO. Such prejudice is contrary to the Court's clear instructions that this case is to proceed in an orderly fashion toward trial.

3.    Striking Plaintiff's expert witness designations of Kyle P. Elam, Molly Buck Richard, Danika H. Mendrygal, Susan M. Sulisz, and Narinder Varaich is appropriate because it will: (1) remedy Plaintiff's non-cooperation regarding its expert witness designations; (2) relieve Defendants from the burdens of guessing what experts the Defendants require to rebut the testimony provided by one or more of Plaintiff's expert witnesses; (3) relieve Defendants from the additional burdens created by Plaintiff to timely analyze Plaintiff's expert witness designations and locate, designate and obtain reports from rebuttal expert witnesses; and (4) obviate future cascading requests for deadline extensions.

## *Background*

4.    On June 8, 2023, the Court signed a docket control order. (Dkt. 32). The order sets August 31, 2023 as the deadline for Plaintiff to identify expert witnesses, and sets a deadline of 60 days within the designation to serve its expert reports. *Id*.  To keep this case moving along, the order sets September 29, 2023 as the deadline for Defendants to identify expert witnesses, and sets a deadline of 60 days within the designation to serve its expert reports. *Id*.  Consequently, there is little lag time between Plaintiffs deadline and Defendants' deadline.  December 29, 2023 is the deadline to complete discovery. *Id*.

5.    Plaintiff filed its expert witness designations on August 31, 2023.  As discussed in the email to Plaintiffs attached as Exhibit 1, Plaintiffs designations were

incomplete because Plaintiff failed to provide expert designations with any specificity. *See* Exhibit 1, September 27, 2023 Email to Plaintiff, Exhibit 2, *NDC's Supplemental Initial Disclosures and Designation of Expert Witnesses*. Specifically, NDC provided the following generic expert witness designations for Kyle P. Elam, Molly Buck Richard, Danika H. Mendrygal, Susan M. Sulisz, and Narinder Varaich:

| Name of NDC Designated Expert | NDC's Generic Descriptions of Expert Testimony |
|---|---|
| Kyle P. Elam | Mr. Elam may provide expert testimony regarding the allegations in NDC's complaint, including, but not limited to, Defendants' liability for certain causes of action and NDC's damages sustained as a result of Defendants' conduct. |
| Molly Buck Richard | Ms. Richard may provide expert testimony regarding the allegations in NDC's complaint, including, but not limited to, Defendants' liability for the Lanham Act causes of action, USPTO procedures, and NDC's damages sustained as a result of Defendants' conduct. |
| Danika H. Mendrygal | Ms. Mendrygal may provide expert testimony regarding the allegations in NDC's complaint, including, but not limited to, Defendants' liability for certain causes of action and NDC's damages sustained as a result of Defendants' conduct |
| Susan M. Sulisz | Ms. Sulisz may provide expert testimony regarding the allegations in NDC's complaint, including, but not limited to, Defendants' liability for certain causes of action and NDC's |

| | |
|---|---|
| | damages sustained as a resulthibitof Defendants' conduct. |
| Narinder Varaich | Ms. Varaich may provide expert testimony regarding the allegations in NDC's complaint, including, but not limited to, Defendants' liability for certain causes of action and NDC's damages sustained as a result of Defendants' conduct. |

6.     As the Court may see with a cursory review of each designation provided above, each generic designation above includes the nondescript and nondistinctive phrases 1) "provide expert testimony regarding the allegations in NDC's complaint," and 2) "liability for certain causes of action and NDC's damages sustained as a result of Defendants' conduct." *See* Exhibit 2.   The Plaintiff's designations do not provide any details that allow Defendants to either know for which topics each of the identified experts will testify, or allow the Defendants to properly identify rebuttal experts that may provide rebuttal testimony in response to Plaintiff's expert testimony.   Thus, Defendants are requesting that the Court strike Plaintiff's expert designations as they are insufficient and fail to provide proper notice as required by of Rule 26 of the Federal Rules of Civil Procedure governing expert witness designation.

7.     Defendants have repeatedly attempted to discern the metes and bounds of this litigation and determine the bases for Plaintiff's causes of actions to no avail. Indeed, Defendants' counsel engaged in an hour long discussion with Plaintiff's

counsel on September 12, 2023 to agree to an extension of time for Plaintiff to file its Reply briefing to the Nijm Ramsey and, more importantly and without success, to gain an understanding of Plaintiff's theories of liability and damages. Without adequate disclosures, Defendants are left to guess what Plaintiff's theories about this case are, including the specific topics about which Plaintiff's experts are intending to testify and Defendants' experts would need to rebut.

8.      Indeed, the September 12, 2023 discussion is the latest discussion in a long succession of attempts to ascertain the Plaintiff's theories about this litigation. For example, we have repeatedly requested Plaintiff to narrow the discovery issues in the litigation, as the vast of majority of information the Plaintiff has requested via discovery propounded discovery requests is in the possession, custody and control of the Plaintiff. *See* Exhibit 3, August 25, 2023 Email. Not only has the Plaintiff refused to narrow its discovery requests, but Plaintiff has also refused to articulate its theories of this litigation in a manner that enables the Defendants to understand Plaintiff's cryptic allegations and prepare its defenses to the same.

9.      In Defendants' latest attempt to illicit Plaintiff's theories of liability and damages, on September 27, 2023 Defendants emailed Plaintiff to requests the following: (1) detailed expert designations that explain with specificity the topic(s) for which each respective expert, namely Kyle P. Elam, Molly Buck Richard, Danika H. Mendrygal, Susan M. Sulisz, and Narinder Varaich, may provide expert

testimony; and (2) an extension for certain deadlines recited in the DCO, including the deadlines for the Plaintiff and the Defendant to designate expert witnesses to give the Plaintiff enough time to explain with specificity the topics for which each respective expert may provide testimony, and give the Defendants enough time to properly find and vet expert witnesses that may provide rebuttal expert testimony to Plaintiff's expert witnesses. *See* Exhibit 1.

10.    Instead of agreeing to an extension to time to 1) allow Plaintiff to properly amend its expert designations to provide detailed explanations concerning the expert testimony that each of the identified experts may provide, and 2) allow time for Defendants to identify experts to rebut Plaintiff's amended expert designations, Plaintiff has now attempted to amend its expert designations in real time. *See* Exhibit 4, September 28, 2023 Email from Plaintiff putting forth Plaintiff's Amended Expert Designations.  However, Plaintiff's Amended Expert Designations are deficient in that 1) the timing of Plaintiff's Amended Expert Designations does not allow Defendants enough time to properly identify and designate its rebuttal experts, and 2) the Amended Designations themselves do not comply with Rule 26(a)(2).

11.    For example, Plaintiff's Amended Expert Designations are the following (*see* Exhibit 4):

| NDC's Designated Expert | Scope of Expert Testimony |
|---|---|
| Kyle P. Elam | Mr. Elam is NDC's damages expert and will opine on the nature and amount of damages NDC has suffered due to Defendants' misconduct for NDC's causes of action. |
| Molly Buck Richard | Ms. Richard is NDC's trademark expert and will opine on Mr. Kennedy's fraudulent registrations, as well as potentially other Lanham Act issues. |
| Danika H. Mendrygal | Ms. Mendrygal is NDC's non-profit expert. At this time, NDC does not anticipate Ms. Mendrygal providing an opening expert report. However, she may provide expert testimony and opinions regarding non-profit legal requirements, tax issues, etc. should the need arise. |
| Susan M. Sulisz Narinder Varaich | Ms. Sulisz and Ms. Varaich are experts in the field of executive compensation. One of them will opine on the proper amount of compensation for Defendants Kennedy, deGroot, and Valenciano based on their roles and responsibilities. |

As reflected above, Plaintiff's designation for Kyle P. Elam is the following: "Mr. Elam is NDC's damages expert and will opine on the nature and amount of damages NDC has suffered due to Defendants' misconduct for NDC's causes of action." *See* Ex. 4, and chart provided above. However, the phrase "the nature and amount of damages NDC has suffered due to Defendants' misconduct for NDC's causes of action" fails to inform Defendants both 1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705, and 2) a summary of the facts and opinions to which the witness is expected to testify

pursuant to Rule 26(a)(2). *See Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, Case No. 2:12-cv-01065-APG-CWH, 3 (D. Nev. May. 22, 2013) ("Specifically, 'if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify."). On one hand, the Plaintiffs designations fail to articulate with any specificity to what the expert's opinions will be directed as the Second Amended Complaint includes 12 Counts and numerous allegations underneath each count, and merely stating the phrase "the nature and amount of damages NDC has suffered due to Defendants' misconduct for NDC's causes of action" provides little to no direction. *See* Second Amended Complaint (Dkt. No. 22-1). On the other hand, Plaintiff's Amended Expert Designations are devoid of any type of summary of opinions to which the witness is expected to testify.

12.    Each of the Amended Designations share similar deficiencies: (1) "Ms. Richard is NDC's trademark expert and will opine on Mr. Kennedy's fraudulent registrations, as well as potentially other Lanham Act issues[;]" (2) "Ms. Mendrygal is NDC's non-profit expert. At this time, NDC does not anticipate Ms. Mendrygal providing an opening expert report. However, she may provide expert testimony and opinions regarding non-profit legal requirements, tax issues, etc. should the need arise[;]" and (3) "Ms. Sulisz and Ms. Varaich are experts in the field of executive

compensation. One of them will opine on the proper amount of compensation for Defendants Kennedy, deGroot, and Valenciano based on their roles and responsibilities." Both the Rule 26(a)(2)(B) written report and the Rule 26(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." *Brown v. Providence Medical Center*, 2011 WL 4498824 *1 (D. Neb.). Here, Plaintiff's Amended Designations neither increase efficiency nor reduce the risk of unfair surprise.

13.   Due to Plaintiff's lack of disclosure concerning its expert designations, Defendants are requesting 1) a 60-day delay for expert reports, and 2) that the discovery cut-off deadline be extended 60 days as well to February 28, 2024. *Id.*

14.   Defendants propose the following dates:

| October 29, 2023 | PLAINTIFF shall designate EXPERT WITNESSES. Designation shall be in writing to opponent. Expert reports shall be served within 60 days of the designation. |
|---|---|
| November 29, 2023 | DEFENDANT shall designate EXPERT WITNESSES. Designation shall be in writing to opponent. Expert reports shall be served within 60 days of the designation. |
| February 28, 2024 | DISCOVERY shall be completed by this date. |

*Argument*

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed.R.Civ.P. 26(c)(1). A Court has broad discretion with respect to discovery matters. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 569 (5th Cir. 1996); *Rickey v. GVD Hyde Park, LLC*, No. 4:20-cv-881, 2021 U.S. Dist. LEXIS 51742, *2 (E.D. Tex. Mar. 19, 2021). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance..." *In re: Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). Rule 26(c)(1), by its terms, is forward-looking and contemplates that there is discovery from which the person seeking protection can still be protected. *See* Fed.R.Civ.P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken…") (emphasis added).  A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). In making this determination, federal courts must balance the hardship of allowing the requested discovery with its probative value, taking into

consideration any relevant public interests. *See Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).

In summary, Plaintiff's designations are patently insufficient as no actual, specific opinions have been summarized or even referenced.   Violations of Fed.R.Civ.P. 26(a)(2) are addressed pursuant to Fed.R.Civ.P. 37(c).   Subsection (c)(1) of that rule provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1).

As such, the determinative issue before the Court is whether [the] expert disclosures comply with Rule 26(a)(2).   Even a quick glance at Plaintiff's expert designations reveals that conclusion that Plaintiff's designations do not comply with Rule 26(a)(2) and should be stricken.

Pursuant to the DCO, the parties' expert designations do not require the accompaniment of an expert report. *See* Dkt. No. 32 ("Expert reports shall be served within 60 days of the designation.").   However, as held by this Court in *Tolan v.*

12

*Cotton*, with respect to a witness who is not required to provide a written report, that witness's disclosure "must state (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Civil Action H-09-1324, 12-14 (S.D. Tex. Sep. 14, 2015), citing Fed. R. Civ. P. 26(a)(2)(C).  The Tolan Court found that expert designation disclosures that do not accompany an expert report are required to include at least some specificity to provide notice to the other side:

> The Advisory Committee's Note for the 2010 amendment of this provision states, 'This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.' The Note further explains that 'the Rule 26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions that the witness will present, in contrast to Rule 26(a)(2)(B)'s requirement that the expert who must file a report must disclose in his report facts or data, including 'any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert.' Nevertheless some specificity is required.

*Id.*, citing *In Little Hocking Water Assoc., Inc. v. E.I. DuPont de Nemours and Co.*, No. 2:09-cv-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015)(followed by *Marr v. Abercrombie & Fitch Stores, Inc.*, No. 5:14-CV-00123-F, 2015 WL 3827326, R *5 (E.D.N.C. June 19, 2015) ("[T]he Court finds that a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that

13

affects the outcome of the case. A mere statement of the topics of their opinions is insufficient."). Merely providing generic statements in place of expert designations does not meet the standards set by this Court.

For example, the *Tolan* Court found that providing a generic statement as an expert designation may result in the party's experts may be excluded if the omission is not harmless:

> Indeed even if they were not specially employed experts, required to submit an expert report, the summaries they provided pursuant to Rule 26(a)(2)(C) do not satisfy the lower standard required by that Rule. See Little Hocking, 2015 WL 1105840, at *9; Marr, 2015 WL 3827326, at *5. The Court agrees with Defendants that other than naming the five baseball players and conclusorily asserting that they 'will offer opinions and testimony regarding Robert Tolan's prospects as a major league baseball player before and after his injuries,' they do not identify the actual substance of the opinions and testimony beyond stating that 'Robert Tolan had the talent and skill to have a long-term career as a professional baseball player.' There is no summary of the facts or of the expected opinion testimony. Thus Plaintiffs 'disclosures' fall well short of the lessened requirements of Rule 26(a)(2)(C)(ii). Furthermore, Plaintiffs have not shown that their failure to provide the information required by Rule 26(a) was 'substantially justified or is harmless. Accordingly, the Court ORDERS that the Magistrate Judge's order of August 18, 2015 (#193), denying Defendant's motion to exclude or limit, is REVERSED and Defendants' motion to exclude (#162) the testimony of the five proposed expert witnesses is GRANTED'

*Id*. at *17-18.

Thus, although expert reports are not required to accompany the expert designations, Plaintiff is required under the Rule 26(a)(2) to provide at least a summary of the facts and expected opinion testimony. In direct contradiction to

Plaintiff's obligations under the Rules, as is indicated above, Plaintiff initially put forth the same generic description for each expert witness designation, a generic description which includes the same two following generic phrases: 1) "provide expert testimony regarding the allegations in NDC's complaint," and 2) "liability for certain causes of action and NDC's damages sustained as a result of Defendants' conduct." *See* Ex. 2.  In response to Defendants' request for clarification and to amend the DCO deadlines, Plaintiff thereafter provided Amended Expert Designations that neither articulates the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705, nor provides a summary of the facts and opinions to which the witness is expected testify.

In both the Initial Expert Designations and the Amended Expert Designations, the language itself provides no guidance as to the actual testimony expected from each of these individuals.  Due to the extremely limited information provided for each of the expert witnesses, Defendants are unable to ascertain what opinions, if any, may be provided by each of the experts, whether any of the identified experts will be testifying, and to what each of the identified experts will be testifying.

In light of these glaring deficiencies, Defendants are requesting that the Court strike Plaintiff's Initial Expert Designations and Plaintiff's Amended Expert Designations, and modify the DCO as requested herein to allow Plaintiff's the

opportunity to meet its rule 26(a)(2) obligations and the Defendants the opportunity to provide their defenses. Here, neither of the parties have taken depositions nor served any expert reports. As the deadlines put forth in the DCO will not have been tolled pursuant to this Emergency Motion without the Court's intervention, Defendants will have to guess as to what topics each of Plaintiff's numerous experts may provide testimony and designate experts to the best of their ability pursuant to the DCO. However, there will be a need for Defendants to reserve their rights to supplement their expert designations due to the Plaintiff's insufficient expert designations.

In short, Defendants file this Emergency Motion seeking protection from Plaintiff's attempt to enforce the DCO and effectively prevent Defendants from having a fair opportunity to develop their defenses. If the Court denies Defendants' motion to strike Plaintiff's expert designations and to amend the DCO, then expert discovery may close without giving the Defendants their fair opportunity to designate the correct expert witnesses and, thus, provide rebuttal reports that address all of the Plaintiff's claims and the Defendants' defenses. If, however, the Court grants Defendants' motion to strike Plaintiff's expert designations and to amend the DCO, the parties would have more time to designate the correct expert witnesses and to prepare to file their motions for summary judgment and/or Daubert motions.

Because the current schedule does not provide sufficient room to adjust the timing of expert discovery and motion practice without severely impacting Defendants and its counsel during its trial preparation, Defendants had no choice but to seek a modification of the entire schedule. Defendants had hoped that Plaintiff would join in its Emergency Motion, particularly since all of the parties needed this relief, at least in part.

Therefore, while the Court considers Defendants' Emergency Motion and their requests to strike Plaintiff's expert designations and amend the DCO, Defendants respectfully seek protection from the scheduled expert discovery obligations, including the designations, reports and discovery.

Dated:   September 28, 2023              Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By:  */s/ Dwayne L. Mason*
Dwayne L. Mason
State Bar No. 00787977
Email:  masonDl@gtlaw.com
Ira R. Hatton
State Bar No. 24054282
Email:  hattoni@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Tel.  713-374-3500
Fax 713-374-6605

*Counsel for Defendants R. Dennis Kennedy,*
*Jason Lee, Diversity & Leadership, Inc., and*
*California Diversity Council*

**SHACKELFORD, BOWEN,
MCKINLEY & NORTON, LLP**
By:  */s/ Melissa N. Sternfels*
Melissa Nicholson Sternfels
Email: msternfels@shackelford.law
State Bar No. 24037181
Matthew L. Simmons
Email: msimmons@shackelford.law
State Bar No. 24075076
717 Texas Avenue, 27th Floor
Houston, Texas 77002
TEL: (832) 669-6055
FAX: (832) 565-9030
*Counsel for Defendants Jason deGroot and
Angeles Valenciano*

## CERTIFICATE OF SERVICE

I certify that on September 28, 2023, the foregoing document was served via

electronic mail on counsel of record for Plaintiff.

*/s/ Dwayne L. Mason*
Dwayne L. Mason

18