United States District Court
Southern District of Texas
**ENTERED**
April 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| National Diversity Council, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-23-1162 |
| | § | |
| R. Dennis Kennedy, et al., | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court is Plaintiff's Unopposed Motion for Leave to Join Additional Parties and File Third Amended Complaint (the Motion). ECF No. 82. Plaintiffs seek to add as parties the Texas Diversity Counsel (TDC), John F. Coggins, John F. Coggins CPA, PLLC (collectively Coggins), Tangie R. Cooper, and Tangie R. Cooper CPA, Inc. (collectively Cooper). *Id.* Contrary to the title of the motion, Defendants are opposed. ECF No. 87. The motion is **DENIED**.

Under Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Though that's a generous standard, 'leave to amend can be properly denied where there is a valid justification.'" *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)). Valid justifications include undue delay, bad faith, dilatory motive, and whether the facts underlying the amended complaint were known to the party when the original complaint

was filed. *Id.* (quoting *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 316 (5th Cir. 1996)). Courts may also consider a plaintiff's repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing cases). An amended complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citing cases).

Plaintiff filed the Motion on January 31, 2024, and Defendants filed their opposition on February 16, 2024. Any reply would have been due on February 23, 2024. The court held a hearing on the motion on March 21, 2024. During the hearing, the court denied the motion as it related to Coggins and Cooper because there are no facts alleged to support any cause of action against them. With respect to TDC, the court explained that there did not appear to be any material differences between the proposed third amended complaint and the live Second Amended Complaint filed on May 16, 2023, ECF No. 25. The court therefore invited Plaintiff to file an out-of-time reply by March 29, 2024. ECF No. 91. The court suggested that Plaintiff should provide to the court a comparison between the Second Amended Complaint and the proposed third amended complaint as well as an explanation of how the facts alleged support the causes of action brought against TDC. Plaintiffs did not file a reply.

The court has searched both the Second Amended Complaint and the proposed third amended complaint for references to NDC.

Despite Plaintiff's statement in the Motion that "the addition of these new parties is necessary as Plaintiff's investigation is ongoing and new facts are continuously developing," ECF No. 82 at 3, there do not appear to be any material new allegations related to TDC in the proposed third amended complaint. While the sentence and paragraph structure is different, the basic facts are the same. Plaintiff has been aware of the facts it alleges against TDC for quite some time. To the extent that the proposed third amended complaint states any cause of action against TDC, Plaintiffs have not explained why those causes of action could not have been brought almost a year ago when it filed the Second Amended Complaint. In any event, the facts alleged are insufficient to support the causes of action brought against TDC. While the proposed third amended complaint alleges that the current defendants may have co-mingled funds and staff with those of TDC and used Plaintiff's funds for the benefit of TDC, there are no allegations that TDC—as an entity—committed any wrongdoing. In fact, it is alleged that Kennedy, DeGroot, and Valenciano withheld facts from TDC and its board, and acted without the input or approval of TDC's board. ECF No. 82-1 at 54 (¶ 277).

The Motion is **DENIED**.

Signed at Houston, Texas, on April 8, 2024.

_____
Peter Bray
United States Magistrate Judge